**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL SCANTLAND, PETER CARTER,**
**DANIEL LAWRENCE**
**Individually, and on behalf of all others`**
**similarly situated**

      **Plaintiffs,**　　　　　　　　　　**Case Number: 8:09-cv-1985-EAK-TBM**

**v.**

**JEFFRY KNIGHT, INC. (DBA KNIGHT**
**ENTERPRISES) and**
**BRIGHT HOUSE NETWORKS AND**
**JEFFRY KNIGHT**

      **Defendant.**

_____/

**DEFENDANTS JEFFRY KNIGHT, INC. DBA KNIGHT ENTERPRISES' AND JEFFRY KNIGHT'S MOTION TO COMPEL PLAINTIFFS BERTRAM SAMUEL, LEON SPERRY, JOSHUA, FARRELL, MICHAEL SCANTLAND, FREDERICK HAUSER III, TERRY DOWNS AND PHILLIP ZAPATA TO PROVIDE DISCOVERY**

This is an action by former independent contractors engaged by Jeffry Knight, Inc. The Plaintiffs were given the opportunity to perform assignments needed by Bright House Networks' customers related to cable television equipment or services that Bright House sold or leased to members of the public. In the amended complaint Plaintiffs assert various claims arguing as a part of those claims that they were employees jointly employed by the Defendants. The Defendants assert Plaintiffs were not employed within the meaning of the FLSA because they were independent contractors. Thus, a pivotal issue in the case is the status of the Plaintiffs as employees or independent contractors of the Defendant.

Defendants Jeffry Knight and Jeffry Knight, Inc (hereafter "Knight") move to compel the Plaintiffs to answer discovery requests as more particularly set forth in this motion.

## MEMORANDUM OF LAW

### I.    DISCUSSION

#### A.  Request Number 6

1.  Defendant Knight requested:

> "All federal, state, and local tax returns for the tax years 2000 to the present, including all supporting schedules and W-2 and 1099 forms." See Defendant's Request to Produce (attached as Exhibit A.)

Plaintiffs replied:

> "In addition to the general objections set out above, Plaintiff further objects to this request on the ground that it is overly broad, unduly burdensome, seeks information not relevant to the subject matter involved in the action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks confidential, privileged information, constitutes an invasion of privacy and seeks information obtainable from some other source that is more convenient, less burdensome and/or less expensive.  Notwithstanding the foregoing objections, Plaintiff will provide such 1099s and W2s as may be in his possession and control." See Plaintiffs' response to request attached as Ex. B

2      Reasons why motion should be granted

In an action about whether Plaintiffs were independent contractors or employees, Plaintiffs' tax returns would provide evidence or lead to the discovery of admissible evidence. Did Plaintiffs file business tax returns or personal returns?  Did they compute and pay self employment taxes or pay only the employee portion of tax?  Did they only deduct those expenses which employees may deduct or did they take deductions reserved for business consistent with Defendant's claim that Plaintiff's were independent contractors?  Did they claim the payments from Defendants as "wages" or as business "revenue"?

The answer to each of the questions is probative of the ultimate issue in the case – the Plaintiffs' status as employees or independent contractors.

Beyond income tax returns, other tax returns would provide important facts as well. What did they call themselves on unemployment tax returns?  Did they file the returns required of businesses i.e. independent contractors?

Because Plaintiffs' tax filings will enable Knight to determine whether Plaintiffs treated themselves as employees of Defendant or whether Plaintiffs treated themselves as independent businesses the Plaintiffs should be required to comply with the Defendants' request numbered 6.

B        **Request Number 8**

1.        Knight Requested:

"Any and all financial statements, including bank records, from 2000 through the present."

Plaintiffs replied:

> "In addition to the general objections set out above, Plaintiff further objects to this request as being designed for purposes of harassment and otherwise not reasonably calculated to lead to evidence admissible at trial. Such documents will not be provided absent order of this court."(see exhibit B).

2.        Reasons why Motion should be granted

Financial records such as those Knight sought will again provide information about how Plaintiffs characterized their activities and their relationships with Defendant.  Did they apply for business loans or maintain businesses bank accounts are among the inquiries which access to their records which Defendant seek will answer.  These documents and the insight provided in them as to whether Plaintiffs treated themselves as employees of Defendant or as independent contractors are probative of one of the key ultimate questions in this lawsuit – were Plaintiff's employees of Defendant?  Accordingly Plaintiffs should be required to respond to Defendants' request number 8.

C.      **Request number 11**

1. Defendant request:

> "Any and all documents related to companies you have formed".

Plaintiff responded:

> "In addition to the general objections set out above, Plaintiff further objects to this request on the ground that is overly broad, unduly burdensome, seeks information not relevant to the subject matter involved in the action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks confidential, privileged information, constitutes an invasion of privacy and seeks information obtainable from some other source that is more convenient, less burdensome, and/or less expensive.  Notwithstanding the aforegoing objections, Plaintiff will provide such 1099's and w2's as may be in his possession and control."(See exhibit B).

**2** Reasons Motion Should be Granted

While W-2s and 1099s are helpful, Defendants is entitled to all of the documents it requested.  The documents requested would show whether the individual Plaintiffs have been in business as an independent contractor during the requested time period.  If one or more Plaintiffs was in that line of endeavor, it is probative of their status vis-à-vis Defendant.  That is, if Plaintiff was an independent contractor and formed a company; it is more likely than not that the Plaintiff was an independent contractor as to Defendant.  Plaintiffs should be required to fully respond to Defendant's request number 11.

D.      **Request Number 14**

1 Defendant request:

> "Any and all documents related to a criminal or civil lawsuit, including bankruptcy and child support proceedings, in which you have been a party."(See exhibit A).

4

Plaintiffs replied:

> "In addition to the general objections set out above, Plaintiff further objects to this request as being designed for purposes of harassment and otherwise not reasonably calculated to lead to evidence admissible at trial. Such documents will not be provided absent order of this court."

2. Reasons Motion Should be Granted

Discovery of these documents provides at least two kinds of potential evidence. The first is whether there are legal matters which impact on the credibility of Plaintiffs as potential trial witness as credibility, such as past criminal convictions. The request is also focused on the Plaintiffs and the status they have asserted in legal proceedings as to their status vis-à-vis the Knight. For example, did one or more Plaintiffs engage in child support proceedings in which the Plaintiff had to identify their employer or describe the work that they did? Other examples can be cited; these documents are clearly evidence or potential evidence and Plaintiffs should be required to respond to Request to Produce number 14.

Defendants asked interrogatory questions related to the subject matters discussed above.

E.     In Interrogatory 11 Defendants inquired:

> "Please identify any time you have been arrested or convicted of a crime, including the nature of the crime and dates."

In interrogatory 12, Defendants inquired:

> "Please identify any and all legal proceedings, including administrative matters, civil and criminal lawsuits, and bankruptcies, to which you are a party."(See exhibit C)

Defendant objected to each interrogatory as follows:

**Plaintiffs response to interrogatory 11:**

> "Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information not relevant to the subject matter involved in the action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks confidential,

privileged information, and or constitutes invasion of privacy."

**Plaintiffs response to interrogatory 12:**

"Plaintiff objects to this request on the grounds that it is overly broad and
, unduly burdensome, seeks information not relevant to the subject matter
involved in the action, is not reasonably calculated to lead to the discovery
of admissible evidence, seeks confidential, privileged information, and or
constitutes invasion of privacy.  Notwithstanding the foregoing objection,
as to civil matters, other than this lawsuit, none."

For the reasons discussed above related to records pertinent to these interrogatories, Plaintiffs should be required to answer these two interrogatories.

## II.    CONCLUSION

Wherefore, for these reasons, Plaintiffs should be ordered to answer interrogatories 11 and 12 and to produce all documents responsive to requests numbered 6, 8, 11 and 14.

## III.    CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(9)

I certify that contacted counsel for the Plaintiff on September 3, 2010 and we were unable to agree on the issues raised in this motion.

Dated this 3rd day of September, 2010.

Respectfully submitted,

\s\ *Steven G. Wenzel*
**STEVEN G. WENZEL, ESQUIRE**
Florida Bar Number: 0159055
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602
Telephone: 813-224-0431
Fax: 813-229-8712
Attorneys for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 2nd day of September 2010, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to:

James A. Staack, Esquire
Staack, Simms & Hernandez, P.A.
900 Drew Street, Suite 1
Clearwater, FL 33755
Attorneys for Plaintiffs

Harold L. Lichten
Ian O. Russell
Shannon E. Liss-Riordan
Lichten & Liss-Riordan, P.C.
100 Cambridge St., 20th Floor
Boston, MA 02114
Counsel for Plaintiffs

William B. deMeza, Esq.
Holland & Knight, LLP
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Counsel for Defendant Bright House Networks

\s\ *Steven G. Wenzel*
**STEVEN G. WENZEL, ESQUIRE**