UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SCANTLAND, PETER CARTER,
DANIEL LAWRENCE, FREDERICK
HAUSER, III, JOSHUA FARRELL, LEON
SPERRY, PHILLIP ZAPATA, AND
TERRENCE DOWNS, individually and
on behalf of all others similarly
situated,

            Plaintiffs,

v.                                    CASE NO. 8:09-CV-1985-T-17TBM

JEFFRY KNIGHT, INC. d/b/a
KNIGHT ENTERPRISES, INC.,
BRIGHT HOUSE NETWORKS, INC.,
and JEFFRY D, KNIGHT,

            Defendants.

_____/


ORDER

    This cause is before the Court on:


    Dkt. 39   Second Amended Class Action
              Complaint and Jury Demand
    Dkt. 62   Motion to Dismiss, to Strike and to Sever
    Dkt. 66   Motion to Dismiss
    Dkt. 77   Response
    Dkt. 78   Response
    Dkt. 82   Stipulation
    Dkt. 96   Stipulation

    The Second Amended Complaint is identified as a class action
under Fed.R.Civ.P. 23, and a collective action under the Fair
Labor Standards Act, 29 U.S.C. Sec. 216(b).  In the Second
Amended Class Action Complaint, Plaintiffs include the following
claims:

Case No. 8:09-CV-1985-T-17TBM

| | |
|---|---|
| Count I | Failure to Pay Overtime (29 U.S.C. Sec. 207); |
| Count II | Failure to Pay Minimum Wage (29 U.S.C. Sec. 206(a)); |
| Count III | Unjust Enrichment (Florida Common Law); |
| Count IV | Conversion (Florida Common Law) |
| Count V | Florida Deceptive and Unfair Trade Practices - Damages (F.S.A. Secs. 501.201-501.213); |
| Count VI | Florida Deceptive and Unfair Trade Practices - Injunction (F.S.A. Secs. 501.201-501.213); |
| Count VII | Retaliation (29 U.S.C. Sec. 215(a)(3). |

The Court notes that Plaintiffs Peter Carter and Daniel Lawrence are no longer named Plaintiffs in the Second Amended Complaint (Dkts. 82, 96). The Clerk of Court shall amend the style of this case to remove Plaintiffs Carter and Lawrence.

I.  Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead enough facts to state a claim for relief that is plausible on its face. In <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260-61 (11th Cir. 2009), the Eleventh Circuit Court of Appeals explains:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir.2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of

Case No. 8:09-CV-1985-T-17TBM

plaintiff's allegations. *Id.*; *see also Iqbal,* 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal,* 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly,* *1261 the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. at 1964-65 (internal citations and emphasis omitted).

More recently, in *Iqbal,* the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974.

II. Defendants' Motions

Defendants Jeffry Knight, Inc. and Jeffry D. Knight ("Knight Defendants") move to dismiss, strike and/or sever the Second Amended Complaint, pursuant to Rules 12(b)(6) & (2), 12(f) and 21(b). The Knight Defendants incorporate all prior arguments contained in the First Motion to Dismiss (Dkt. 12). Defendants also move to dismiss Plaintiffs' claims of unjust enrichment and conversion. In the alternative, Defendants move to sever the

3

Case No. 8:09-CV-1985-T-17TBM

retaliation claims brought by Plaintiffs.

Defendant Bright House Networks, LLC joins in Defendants' Motions to Dismiss and/or Strike Plaintiff's Second Amended Complaint, and incorporates all factual and legal arguments contained in the Knight Defendants' Motions.  Defendant Bright House Networks also raises additional arguments to dismiss the Second Amended Complaint and to strike the FDUPTA claims for damages.

III.  Discussion

In the Second Amended Class Action Complaint, Plaintiffs seek certification of several classes of individuals:

> 1) as to claim for overtime, those who have performed installation, repair, construction, quality control, and similar duties for Defendant Knight Enterprises on behalf of Defendant Bright House's customers, and who have been classified as independent contractors instead of as employees, pursuant to 29 U.S.C. Sec. 216(b);

> 2) as to claims for failure to pay the minimum w age, those who have performed installation, repair, construction, quality control, and similar duties for Defendant Knight Enterprises on behalf of Defendant Bright house's customers, and who have been classified as independent contractors instead of as employees, pursuant to 29 U.S.C. Sec. 216(b) and have not been paid for hours spent in training during the last three years;

> 3)  As to the common law and FDUPTA claims, those who have performed installation, repair, construction, quality control and

4

Case No. 8:09-CV-1985-T-17TBM

> supervisory services for Defendant Knight
> Enterprises on behalf of Defendant Bright
> House's customers, and who have been
> classified as independent contractors instead
> of as employees, pursuant to Fed.R.Civ.P. 23.

In Count I (overtime claims), Plaintiffs seek to proceed as a collective action under 29 U.S.C. Sec. 216(b). In Count II (failure to pay minimum wage), Plaintiffs seek to proceed as a collective action for the failure to pay for required training sessions, under 29 U.S.C. Sec. 206(a).

In Counts III (unjust enrichment) and IV (conversion), Plaintiffs seek to proceed as a class action for failure to pay Plaintiffs wages due them for time spent performing repair work on prior job assignments, as well as improper deductions from pay and from the retainer provided to Knight Enterprises.

In Count V (FDUPTA-Damages) and Count VI (FDUPTA-Injunction), Plaintiffs seek to proceed as a class action for misclassifying Plaintiffs as independent contractors rather than employees, requiring Plaintiffs to suffer deductions and incur expenses that Plaintiffs would not have incurred if Plaintiffs had been properly classified as employees. Plaintiffs allege that the services Plaintiffs provide constitute "trade or commerce" under FDUPTA, that the actions of Defendants in misclassifying Plaintiffs as independent contractors even though Defendants know that Plaintiffs have no real proprietary interest and are entirely dependent upon Defendants for their income, are unlawful, and the nature of the relationship should be treated as master-servant rather than as company-subcontractor. Plaintiffs allege that this constitutes an unconscionable act or practice

5

Case No. 8:09-CV-1985-T-17TBM

and/or deceptive act or practice in the conduct of trade or
commerce, in violation of the FDUPTA.

Plaintiffs allege that this action is brought on behalf of
all class plaintiffs who performed contractor work for Defendants
Knight Enterprises and Bright House in Florida.  Plaintiffs
further allege that: 1)  the class is so numerous as to make
joinder of (all members) impractical; 2) the claims of the named
Plaintiffs are common and typical of the claims of the class as a
whole; 3) Counsel for the named Plaintiffs can fairly and
adequately represent the interest of the class; and 4)
maintaining this action as a class action is the most appropriate
and feasible way for this action to proceed.

In Count VII, Plaintiffs allege that Plaintiffs' termination
and promulgating a list identifying Plaintiffs as participants in
this lawsuit to other telecommunications companies constitutes
unlawful retaliation in violation of 29 U.S.C. Sec. 215(a)(3).

The issues raised by Defendants include:

1.  State Law Wage Class Claims Violate The Rules
Enabling Act Because They Abridge The Substantive
Rights Conferred by Section 216(b) of the FLSA;

2.  State Law Wage Class Claims Are Preempted by
Federal Law;

3.  An Opt-Out Class Action Under Rule 23 Is Not
Superior to Other Available Methods for Adjudication;.

4.  In the Alternative, The Court Should Decline To
Exercise Supplemental Jurisdiction Over State Law
Claims;

Case No. 8:09-CV-1985-T-17TBM

> 5.  Plaintiffs Lack Standing To Seek Declaratory and
> Injunctive Relief (Count VI);
>
> 6. Counts III and IV (FDUPTA) Fail to State A Claim
> Upon Which Relief Can Be Granted (now Counts V and VI);
>
> 7. Count III (Unjust Enrichment) and Count IV
> (Conversion) Fail to State A Claim Upon Which Relief
> Can Be Granted;
>
> 8.  Plaintiffs' Retaliation Claims Arise Out of
> Separate Facts From the Other Claims and Must Be
> Severed;
>
> 9.  Plaintiffs Lack Standing to Assert FDUPTA Claims;
>
> 10.  Plaintiffs' FDUPTA Claims for Damages Should Be
> Stricken.

A.  Rules Enabling Act

Defendants argue that permitting the state law wage claims (Counts III, IV, V, VI), to proceed as a class action would abridge or modify the substantive rights of absent collective action members who do not elect to affirmatively opt-in to the action.

Plaintiffs respond that, while the facts upon which the state law claims are based are similar to the facts underlying the FLSA claims, the remedy sought and the violation alleged are entirely separate.  Plaintiffs argue that any substantive right to litigate overtime and minimum wage claims only against individuals who opt-in to an action cannot possibly be abridged or modified by allowing a Rule 23 opt-out class to proceed which seeks only straight time unpaid wages owed to Plaintiffs.  The claims for unpaid wages are based on Plaintiffs' time for repair work for which Plaintiffs were not compensated.

7

Case No. 8:09-CV-1985-T-17TBM

Based on the difference in the relief sought, the Court **denies** the Motions to Dismiss as to this issue.

B.  Implied Preemption

Defendants argue that the FLSA 216(b) collective action impliedly preempts Plaintiffs' state law class claims for unpaid wages.

Plaintiffs respond that Plaintiffs' unpaid wages claims are not duplicative of, or based upon, Plaintiffs' FLSA claims. Plaintiffs respond that other courts have found only a procedural conflict between the Section 216(b) and Rule 23 mechanisms, which does not defeat supplemental jurisdiction, and have permitted hybrid class actions.  Lindsay v. Government Employees Insurance Co., 448 F.3d 416 (C.A.D.C. 2006).

After consideration, the Court **denies** the Motions to Dismiss as to this issue.

C.  Class Action Not Superior Means of Adjudication

Defendants argue that the Court may certify a class under Rule 23(b)(3) only if it finds that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Defendants argue that, as a matter of law, an opt-out class action is not superior to the FLSA's opt-in method of adjudication.

Case No. 8:09-CV-1985-T-17TBM

Plaintiffs respond that Defendants' arguments are premature.

The Court agrees that it is premature to determine that a class action is not superior to other available methods for the fair and efficient adjudication of this case.  The Court will consider this issue when a motion to certify class under Fed.R.Civ.P. 23 is ruled on.  The Court **denies** the Motions to Dismiss without prejudice as to this issue.

D.  Supplemental Jurisdiction

Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Defendants argue that Plaintiffs' state law claims substantially predominate over Plaintiffs' FLSA claim.  Defendants further argue that the inherent conflict between parallel opt-in FLSA claims and opt-out Rule 23 claims provides a compelling reason for the Court to decline to exercise its supplemental jurisdiction.

Plaintiffs respond that the constitutional "case or controversy" standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim.  Tamiami Partners Ltd. V. Miccosukee Tribe of Indians, 177 F.3d 1212 (11th Cir. 1999). Claims which arise from a "common nucleus of operative fact" necessarily involve "the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts." Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1563-64 (11th Cir. 1994).

9

Case No. 8:09-CV-1985-T-17TBM

In the event that, at the dispositive motion stage, the federal claims in this case are resolved, the Court will consider whether the exercise of supplemental jurisdiction is appropriate. Without more information about any class certified on the state law claims, the Court cannot determine whether those claims predominate over the FLSA claims.  Therefore, the Motions to Dismiss are **denied without prejudice** as to the exercise of supplemental jurisdiction.


E.   Count III - Unjust Enrichment


Failure to State a Claim


Defendants argue that the Second Amended Complaint contains allegations that the parties had agreements with respect to pay and the deductions in question.  Defendants argue that, where an express contract exists, a claim for breach of an implied-in-law contract fails.  See Cross v. Strader Construction Corp., 768 So.2d 465 (Fla. 2d DCA 2000)("quasi-contract damages cannot be awarded when an enforceable contract exists").  Defendants argue that this is not a pleading defect that can be corrected through amendment, since the existence of agreements between Plaintiff and Knight permeate the allegations of the complaint.  Defendants argue that this is not a case of alternative pleading, since the allegations of an express agreement permeate the equitable claims.


Plaintiffs respond that courts will not dismiss a claim for unjust enrichment where the existence or validity of a contract is disputed.  See In re Burton Wiand Receivership Cases, 2008 WL 818504 at *7 (M.D. Fla. 2008).

10

Case No. 8:09-CV-1985-T-17TBM

In the Second Amended Complaint, Plaintiffs allege:

> 13.  Defendant Knight Enterprises, is a
> telecommunications company that contracts
> with Bright House and other cable companies
> to install, repair, or construct the
> facilities for high-speed internet, cable
> television, and telephone service for Bright
> House and other such cable television
> companies.

> 14.  Knight Enterprises, with the knowledge
> and approval of Bright House, purports to
> contract with individuals to perform such
> installation, repair, construction, and
> supervisory work associated with monitoring
> such quality of those services.  The
> defendants purport to call these individuals
> "independent contractors", not employees,
> thereby avoiding any obligation to pay
> payroll taxes, workers' compensation
> insurance, health insurance, unemployment
> insurance, overtime and other such benefits.

Plaintiffs argue that Plaintiffs' allegations do not mention an
express contract between Plaintiffs and Defendants, and the above
allegations, by means of the phrase "purports to contract"
establish that the existence of an express contract is disputed.
The Court understands this phrase to mean that the parties
entered into some agreement that may have facial validity but
which may be legally invalid and unenforceable.

In order to state a cause of action for unjust enrichment,
Plaintiffs must plead facts showing that: 1) Plaintiffs conferred
a benefit on Defendants; 2) Defendants had knowledge of the
benefit; 3) Defendants accepted or retained the benefit
conferred; and 4) circumstances are such that it would be
inequitable for Defendants to retain the  benefit without paying

11

Case No. 8:09-CV-1985-T-17TBM

fair value for it.  Plaintiffs have alleged that Plaintiffs spent
time performing repair work on prior job assignments without
being paid, and monies were improperly deducted from Plaintiffs'
paychecks and retainers.

At this point, it is unclear whether each Plaintiff entered
into an express contract with Defendants.  Plaintiffs should know
whether or not Plaintiffs signed an express written contract.  If
Plaintiffs did so,  the provisions of the individual contracts
have not been provided to the Court.  Other factual allegations
in the Second Amended Complaint establish that some Plaintiffs
performed services and received compensation from Defendants for
an extended period of time.  From those allegations, the Court
infers that there was some understanding between Plaintiffs and
Defendants.  It would assist the Court to know the date when each
Plaintiff commenced performing services for Defendants in
exchange for compensation, whether a written agreement was
executed, when any such agreement was executed, and the terms
within any such agreement.

The Court recognizes that the proof of an express contract
between parties to a contract defeats a claim for unjust
enrichment.  In this case the existence and validity of the
contract between Plaintiffs and Defendants are at issue.
Plaintiffs contend Plaintiffs are really "employees" and not
"independent contractors" although their contracts may facially
designate Plaintiffs as "independent contractors."  Until an
express contract is proven, under which an adequate remedy at law
is available, a motion to dismiss a claim for unjust enrichment
is premature.  The Court therefore **denies** Defendants' Motions to
Dismiss as to Count III.

12

Case No. 8:09-CV-1985-T-17TBM

F.  Count IV - Conversion
Failure to State A Claim

Under Florida law, conversion is an intentional tort consisting of an unauthorized act which deprives another of his property, permanently or for an indefinite time.  Senfield v. Bank of Nova Scotia Trust Co. (Cayman, Ltd., 450 So.2d 1157, 1160-61 (Fla. 3rd DCA 1984).  The essence of the tort is not the acquisition of the property; rather, it is the wrongful deprivation of the property.  Star Fruit Co. V. Eagle Lake Growers, Inc., 33 So.2d 858 (1948).  Defendants argue that Plaintiffs' conversion claim is for recovery of an ordinary debt based on an agreement.  Defendants argue that a mere obligation to pay money may not be enforced by a conversion action.  See Belford Trucking Co. v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1970); Schere v. Laborers' Int'l. Union, 746 F.Supp. 73, 84 (N.D. Fla. 1988).

Plaintiffs respond that Florida courts have recognized that employees claiming they are owed unpaid wages may bring common law claims such as conversion.  See Short v. Bryn Alan Studios, Inc., 2008 WL 2222319 (M.D. Fla. 2008); Edwards v. Niles Sales & Serv., Inc., 439 F.Supp.2d 1202, 1208 (S.D. Fla. 2006); Ocean Club Community Association, Inc. v. Curtis, 935 So.2d 513, 515-16 (Fla. 3rd DCA 2006).

The Court notes that there is authority for a conversion claim relating to unpaid wages.  Where neither the pleadings nor proof describe or identify specific money, a claim for conversion cannot succeed.  At this time, only the allegations of the Second Amended Complaint are available to the Court.  After

13

Case No. 8:09-CV-1985-T-17TBM

consideration, the Court **denies** the Motions to Dismiss as to the
conversion claim.

G.   Count V - FDUPTA - Damages
1.   Standing

Defendants argue that Plaintiffs do not have standing to
assert FDUPTA claims because Plaintiffs are providers of services
and not a consumer who has purchased goods or services.
Defendants argue that Plaintiffs therefore do not have standing
to assert a FDUPTA claim.  See Kertesz v. Net Transactions, Ltd.,
635 F.Supp.2d 1339 (S.D. Fla. 2009).

Plaintiffs contend Plaintiffs have standing to sue under the
FDUPTA.

The Court notes the discussion in Kelly v. Palmer, Reifler &
Associates, P.A., 681 F.Supp.2d 1356 (S.D. Fla. 2010), supporting
a broadening of the statute beyond individual consumers and
businesses.  After consideration, the Court **denies** the Motions to
Dismiss as to standing.

2.   Failure to State a Claim

Defendants argue that Defendants are not aware of any case
which would support a determination that the misclassification of
a person was a deceptive and/or unfair practice.  Defendants
further argue that Plaintiffs were never in a consumer
relationship with Defendant Knight.

14

Case No. 8:09-CV-1985-T-17TBM

Plaintiffs respond that other courts have held that an employer's conduct can give rise to claims of both misclassification and unfair trade practices.  See In re FedEx Ground Package System, Inc. Employment Practices Litigation, 2009 WL 2242231, *24-25 (N.D. Ind. 2009).  Plaintiffs further argue that, under Florida law, actions that offend established public policy can constitute unfair trade practices under FDUPTA. Samuels v. King Motor Co. Of Fort Lauderdale, 782 So.2d 489, 499 (4th DCA 2001).

Defendant Bright House argues that Plaintiffs cannot allege or show any contract with Bright House that would subject Defendant Bright House to a claim for FDUPTA damages; Defendant Bright House argues that Plaintiffs allege only that Plaintiffs worked for Defendant Jeffry Knight, Inc. in conjunction with its work for Bright House.

To state a claim for violation of FDUPTA, Plaintiffs must allege: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages.  A deceptive practice is one that is likely to mislead consumers, and an unfair practice is one offends established published policy, "or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  Rollins, Inc. v. Butland, 950 So.2d 850, 869 (Fla. 2d DCA 2006).  The Court has considered what acts of Defendants in "trade or commerce" would constitute a deceptive or unfair practice as to Plaintiffs.  It is fair to assume that the Knight Defendants advertised for "independent contractors" to provide services in exchange for money, and allegedly exerted actual control over Plaintiffs..  Plaintiffs have further alleged that all Defendants required Plaintiffs to perform repair services

15

Case No. 8:09-CV-1985-T-17TBM

without compensating Plaintiffs.

As to Defendant Bright House, in the Second Amended Complaint Plaintiffs allege that "Defendant Knight Enterprises, with the knowledge and approval of Bright House, purports to contract with individuals to perform such installation, repair, construction and supervisory work associated with monitoring such quality of those services. The defendants purport to call these individuals "independent contractors", not employees, thereby avoiding any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime and other such benefits." (Dkt. 39, p. 4). Plaintiffs further allege that Defendant Bright House requires Plaintiffs to correct deficiencies and make repairs without being paid for the time, and in the event Defendant Bright House decides that a job was not correctly completed, Defendant Knight Enterprises makes deductions from retainers held for Plaintiffs by Defendant Knight Enterprises. After consideration, the Court finds that Plaintiffs have sufficiently alleged the direct participation of Defendant Bright House (Dkt. 39, p. 6).

After consideration, the Court **denies** the Motions to Dismiss as to the FDUPTA claim.

3. Damages

Defendants argue that the damages sought by Plaintiffs are not damages allowed by FDUPTA, which defines "actual damages" as "the difference in market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered." Defendants

16

Case No. 8:09-CV-1985-T-17TBM

argue that "actual damages" do not include actual consequential
damages.  Orkin Exterminating Company v. DelGuidice, 790 So.2d
1158, 1162 (Fla. 5th DCA 2001), review denied, 821 So.2d 294 (Fla.
2002).

     Plaintiffs respond that the diminished value of what one
receives as a result of an unfair trade practice may be
considered actual damages.   Plaintiffs argue that Plaintiffs
were led to believe by Knight and Bright House that they would be
entering into an independent contractor relationship, but were
actually entering into an employment relationship.   Plaintiffs
contend Plaintiffs suffered actual damages from the diminished
value of the relationship Plaintiffs were allowed to enter into.
Plaintiffs argue that Plaintiffs were required to use equipment
specified by Knight and Bright House, were required to work under
a time schedule set by Knight and Bright House, and to maintain
their equipment in a manner specified by Knight and Bright House.

     In the alternative, Plaintiffs argue that Knight Defendants
and Bright House prevented Plaintiffs from entering into an
employment relationship, by forcing Plaintiffs to work as
independent contractors, which diminished the value of the
relationship Plaintiffs entered into.

     Plaintiffs further argue that it is too early to determine
whether Plaintiffs' damages are actual or consequential.

     The Court has no specific information about the damages
sought by each Plaintiff at this time.   After consideration, the
Court **denies** the Motions to Dismiss as to this issue.

17

Case No. 8:09-CV-1985-T-17TBM

H.   Count VI - FDUPTA - Injunction

Standing

    Defendants argue that Plaintiffs do not have standing to
seek an injunction under FDUPTA.   Defendants argue that
Plaintiffs must establish: 1) an injury in fact, which is
concrete and particularized and actual or imminent; 2) a causal
connection between the injury and the causal conduct; and 3) a
substantial likelihood that a favorable decision will redress the
injury.   Defendants argue that Plaintiffs' injuries, if proven,
are compensable with damages.   Declaratory and injunctive relief
will not redress the injury.

    Plaintiffs argue that at the time the Complaint was filed,
Plaintiff Dan Lawrence and Plaintiff Phillip Zapata were still
employed by Defendants, and this fact is sufficient to establish
standing.

    Plaintiffs further argue that other courts have held that
FDUPTA allows any person, regardless of a showing of an ongoing
practice, to seek injunctive relief.

    The Court notes the discussion in <u>Galstaldi v. Sunvest
Communities, LLC</u>, 637 F.Supp.2d 1045 (S.D. Fla. 2010).   The
statute provides that anyone aggrieved may seek an injunction.
The Court finds that Plaintiffs have sufficiently alleged facts
which establish Article III standing.   A declaration that
Defendants' conduct violates the FDUPTA would prevent Defendants
from continuing any conduct which violates the FDUPTA in the
future.

18

Case No. 8:09-CV-1985-T-17TBM

After consideration, the Court **denies** the Motions to Dismiss
as to this issue.

I.  Count VII - Retaliation

In the Second Amended Complaint, Plaintiffs allege that
shortly after the filing of this action, Defendants terminated
Plaintiffs Daniel Lawrence and Phillip Zapata.

Pursuant to Fed.R.Civ.P. 21, Defendants move to sever the
retaliation claim because it arises out of separate facts from
the other claims in this action.  Defendants argue that
Plaintiffs do not allege the decisions in question were made at
the same time, for the same reasons, and were decided by the same
decisionmaker.   Defendants further argue that the Second Amended
Complaint contains no allegations that the other named Plaintiffs
were subject to similar actions.  Defendants argue that
Plaintiffs' retaliation claim does not meet the requirements for
permissive joinder in that the factual allegations are based on
separate acts of Defendants with respect to each Plaintiff, and
there are no common questions of law or fact.

Plaintiffs respond that the retaliatory misconduct alleged
in the Second Amended Complaint arises as a direct result of this
lawsuit, and Plaintiffs' retaliation claim is inextricably
intertwined with the facts of this case.  Plaintiffs further
argue that unless Plaintiffs are found to be employees, the
retaliation claim is not available to Plaintiffs.

In order to prove the retaliation claim, Plaintiffs must
prove that they: 1) engaged in activity protected under the FLSA;

Case No. 8:09-CV-1985-T-17TBM

2) subsequently suffered adverse action by the employer; and 3) a
causal connection existed between their protected activity and
the adverse employment action.  See Wolf v. Coca-Cola Co., 200
F.3d 1337, 1342-1343 (11th Cir. 2000).

Permissive joinder requires that a claim arise out of the
same transaction or occurrence, or series of occurrences, along
with common questions of fact or law.  The retaliation claims
asserted do not arise out of the same facts as the other claims,
although the claim is not completely unrelated.  After
consideration, the Court **denies** the Motion to Sever without
prejudice.  The Court will evaluate severance after the close of
discovery.  Accordingly, it is

**ORDERED** that Defendants' Motions to Dismiss, Motion to
Strike and Motion to Sever (Dkts. 62, 66) are **denied**.  The Clerk
of Court **shall amend** the style of this case to remove Plaintiffs
Peter Carter and Daniel Lawrence.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
29th day of September, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

20