**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL SCANTLAND, et al.,**
**individually, and on behalf of all**
**others similarly situated,**

        **Plaintiffs,**

**v.**                                **Case No. 8:09-cv-1985-T-17TBM**

**JEFFRY KNIGHT, INC., d/b/a**
**KNIGHT ENTERPRISES, INC.,**
**BRIGHT HOUSE NETWORKS, INC.,**
**and JEFFRY KNIGHT,**

        **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the court on **Defendants Jeffry Knight, Inc., d/b/a Knight Enterprises' and Jeffrey Knight's Motion to Compel Plaintiff Bertram Samuel, Leon Sperry, Joshua Farrell, Michael Scantland, Frederick Hauser III, Terry Downs and Phillip Zapata to Provide Discovery** (Doc. 101).[1]  A hearing on the motion, as well as discovery in general, was conducted on October 20, 2010.

_____

[1]All Plaintiffs identified in this motion are named Plaintiffs with the exception of Bertram Samuel.  *See* Second Am. Compl.  (Doc. 39).  Mr. Samuel is an opt-in Plaintiff.  *See* (Doc. 79-1 at 5).  The undersigned ordered previously that the opt-in Plaintiffs were protected from outstanding discovery.  (Doc. 91).  In that same Order (Doc. 91), however, the undersigned noted that should the district judge certify a conditional class, certain limited discovery would be necessary.  *Id.*  The district judge has since granted Plaintiffs' motion for conditional certification.  (Doc. 104).

Defendants seek an Order compelling Plaintiffs to produce all documents responsive to Request to Produce Nos. 6, 8, 11, and 14, and to provide complete responses to Interrogatory Nos. 11 and 12.  Defendants urge that the documents and responses sought all are probative of the ultimate issue in this case – the Plaintiffs' status of employees or independent contractors in this FLSA action.

The challenged discovery is as follows:

| | |
|---|---|
| Request No. 6: | All federal, state, and local tax returns for the tax years 2000 to the present, including all supporting schedules and W-2 and 1099 forms. |
| Request No. 8: | Any and all financial statements, including bank records, from 2000 through the present. |
| Request No. 11: | Any and all documents related to companies you have formed. |
| Request No. 14: | Any and all documents related to a criminal or civil lawsuit, including bankruptcy and child support proceedings, in which you have been a party. |
| Interrogatory No. 11: | Please identify any time you have been arrested or convicted of a crime, including the nature of the crime and dates. |
| Interrogatory No. 12: | Please identify any and all legal proceedings, including administrative matters, civil and criminal lawsuits, and bankruptcies, to which you are a party. |

In particular, Defendants argue that the tax returns will lead to the discovery of admissible evidence because they will show whether Plaintiffs filed business tax returns or personal returns, computed and paid self employment taxes or paid only the employee portion of tax, deducted those expenses that employees may deduct or took deductions reserved for business, and claimed the payments from Defendants as "wages" or as business "revenue."  Beyond

2

income tax returns, Defendants argue that other tax returns would reveal how Plaintiffs

identified themselves, i.e., whether as independent contractors.  As for financial records,

Defendants argue that such information will reveal how Plaintiffs characterized their activities

and relationships with Defendants and whether they applied for loans or maintained business

bank accounts.  As for documents related to companies Plaintiffs have formed, Defendants

argue this will show whether Plaintiffs have been in business as independent contractors

during the requested time period, which, if they have, tends to support that they were

independent contractors for Defendants.  Regarding the document request and interrogatories

dealing with civil and criminal litigation, Defendants argue that past criminal convictions are

relevant to witness credibility at trial and civil litigation matters are relevant because such may

show the status Plaintiffs have asserted with respect to the Knight Defendants in legal

proceedings.  (Doc. 101).

In response, Plaintiffs urge that they have already agreed to produce all W-2's and

1099's in response to Request No. 6 but their tax returns are not relevant to the determination

of whether they are/were independent contractors under the FLSA.  In support thereof,

Plaintiffs cite two district court cases wherein the courts ruled that the manner in which the

plaintiffs labeled themselves on tax returns was not relevant and the tax returns did not need to

be disclosed.[2]  In any event, Plaintiffs contend their W-2's and 1099's are sufficient to

determination how they labeled themselves.  They also note that they have indicated in

---

[2]Plaintiffs cite *Johnson v. Unified Government of Wyandotte County/Kansas City, KS*, 2001 WL 699049 (D. Kan. 2001), and *Yong F. Ke, et al. v. 85 Fourth Avenue, Inc.*, 2009 WL 1058627 (S.D. N.Y. 2009).  (Doc. 102 at 3).

responses to requests for admissions that they filed their taxes as independent contractors.

Regarding Request No. 8, Plaintiffs urge that Defendants' request for all financial statements

and bank records is vague and unduly burdensome and such are not relevant to determining

whether they are employees under the FLSA.  They also urge that their burden to produce these

documents far outweighs any limited relevance and, at minimum, Defendants should be

required to narrow the scope of this request.  Likewise, with respect to Request No. 11,

Plaintiffs urge that the request is unreasonably burdensome and vague.  In any event, Plaintiffs

note their W-2's and 1099's may be relevant to this request and will be produced, as will

documents related to the formation of any company if those documents are in their possession.

As for Request No. 14, Plaintiffs urge there is no relevance in proceedings related to child

support hearings or bankruptcy hearings in a FLSA action, including how they may have

labeled work status, and such is intended solely to harass them.  As for civil lawsuits, Plaintiffs

urge Defendants fail to explain the relevance of such and, at minimum, this request should be

narrowed to civil lawsuits that have some relation to the Plaintiffs' status as employees or

independent contractors.  Likewise, Plaintiffs urge the court to sustain their objection to the

request/interrogatory seeking information on "criminal lawsuits" and arrests.  At most,

Plaintiffs urge the only relevant information is that pertaining to criminal convictions under

Rule 609.  (Doc. 102).

Upon consideration, **Defendants Jeffry Knight, Inc., d/b/a Knight Enterprises'**

**and Jeffrey Knight's Motion to Compel Plaintiff Bertram Samuel, Leon Sperry, Joshua**

**Farrell, Michael Scantland, Frederick Hauser III, Terry Downs and Phillip Zapata to**

**Provide Discovery** (Doc. 101) is **GRANTED in part** insofar as it pertains to named

Plaintiffs.[3]  In a recent unpublished decision, the Eleventh Circuit set forth several factors that

guide the inquiry into whether an individual is an employee or an independent contractor in the

context of a FLSA action: (1) the nature and degree of the alleged employer's control as to the

manner in which the work is to be performed; (2) the alleged employee's opportunity for profit

or loss depending upon his managerial skill; (3) the alleged employee's investment in

equipment or materials required for his task, or his employment of workers; (4) whether the

service rendered requires a special skill; (5) the degree of permanency and duration of the

working relationship; and (6) the extent to which the service rendered is an integral part of the

alleged employer's business.  *Freund v. Hi-Tech Satellite, Inc.*, No. 05-14091, 2006 WL

1490154, at *1 (11th Cir. May 31, 2006) (citing *Sec'y of Labor v. Lauritzen,* 835 F.2d 1529,

1535 (7th Cir. 1987)).  Here, most of the information sought by Defendants is, at best, only

tangentially related to this inquiry.  However, given the liberal breadth of discovery under Rule

26, the motion is granted to the extent that named Plaintiffs shall, within twenty (20) days of

this Order, supplement their responses to Interrogatory Nos. 11 and 12 by identifying by style,

case number, court and general nature of any civil lawsuits in which they were a party during

the period from January 2007 to the present and identifying any bankruptcy filings during the

same period.  Any criminal convictions admissible under Federal Rule of Evidence 609 shall

likewise be revealed.  As for Request No. 6, in addition to any W-2's and 1099's, named

Plaintiffs shall also provide complete copies of federal and state tax returns, personal and

---

[3]As discussed at the hearing, counsel are directed to confer with respect to a plaintiffs'
fact sheet to be used with opt-in Plaintiffs.

business, if any, for the tax years 2006 through the present.[4]   Although I find Request No. 11

overly broad, to the extent that any named Plaintiff has operated a business as an officer,

director or principal during this same period, such shall be indicated by a sworn statement in

the nature of an interrogatory response identifying such business, by name, legal structure

(corporation, partnership etc), and the nature of its work or services performed by the

company.  To the extent not granted herein, the motion is denied.

     This Order requiring disclosure of such information is in no way a ruling on the

admissibility of such evidence, if any, at trial.

     **Done and Ordered** in Tampa, Florida, this 12th day of November 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of Record

---

[4]I recognize that the Plaintiffs' status as an employee or independent contractor is not dependent on how they classified themselves; however, I disagree that such information as may be in tax returns is wholly inappropriate for discovery.  The parties have in place an agreed protective order intended to safeguard personal information including confidential information, among other matters, and any production made hereunder shall be made under such protection.