UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SCANTLAND, et
al., etc.,

    Plaintiffs,

vs.                             CASE NO. 8:09-CV-1985-T-17TBM

JEFFRY KNIGHT, INC.,
etc., et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 132 | Motion for Class Certification of State Law Claims |
| Dkt. 135 | Response |
| Dkt. 136 | Response |
| Dkt. 137 | Motion for Leave to File Reply |
| Dkt. 139 | Response |

In the Second Amended Complaint, Plaintiffs have alleged a common law claim for unjust enrichment in Count III, a common law claim for conversion in Count IV, a statutory claim for damages under the Florida Deceptive and Unfair Trade Practices Act, Ch. 501.201-501.213, <u>Florida Statutes</u> in Count V, and an injunction prohibiting Defendants from mischaracterizing their employees in the future under FDUTPA in Count VI. Plaintiffs now seek class certification as to those claims under Rule 23, Fed. R. Civ. P.

The proposed class representatives are Michael Scantland, Frederick Hauser, III, Joshua Farrell, Philip Zapata, Leon Sperry and Terrence Downs. Plaintiffs propose a class period that begins four years prior to the commencement of this lawsuit based on the statute of limitations applicable to Plaintiffs' claims under FDUTPA and as to the

Case No. 8:09-CV-1985-T-17TBM

unjust enrichment claim. If a class is certified as to Plaintiffs' conversion claim, Plaintiffs propose a class period that begins five years prior to commencement of this lawsuit.

Defendant Jeffry Knight, Inc. d/b/a Knight Enterprises opposes Plaintiffs' Motion. Defendant opposes Plaintiffs' Motion because it is untimely; Defendant further opposes Plaintiffs' Motion on the basis that there are conflicts within the class which prevent Plaintiffs from meeting the requirements of Rule 23(a), and because individual issues predominate over common issues.

Defendant Bright House Networks filed a response, but has now been dismissed from this case.

The merits of Plaintiff's claims are not to be evaluated when determining whether the requirements of Rule 23 have been satisfied. Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 722 (11th Cir. 1987). However, a court "may look beyond the allegations of the complaint in determining whether a motion for class certification should be granted." Kirkpatrick, 827 F.2d at 722. "It is necessary to analyze the plaintiff['s] factual allegations, the record evidence pertinent to class action issues, and the applicable law in order to understand and evaluate the propriety of the class action device ..." Anderson v. Bank of the South N.A., 118 F.R.D. 136, 138 (M.D. Fla. 1987); see also Love v. Turlington 733 F.2d 1562, 1564 (11th Cir.1984) (stating that the limitation on examining the merits "should not be talismanically invoked to artificially limit a trial court's examination of the factors necessary to a reasoned determination of whether a plaintiff has met her burden of establishing each of the Rule 23 class action requirements"). "[B]efore a district court determines the efficacy of class certification, it may be required to make an informed assessment of the parties' evidence. That a trial court does so does not mean that it has erroneously 'reached the merits' of the litigation." Cooper v. Southern Co., 390 F.3d 695, 712-713 (11th Cir.2004) (citing

2

Case No. 8:09-CV-1985-T-17TBM

<u>Kirkpatrick</u>, 827 F.2d at 722).

I. Background

    Defendant Jeffry Knight, Inc. d/b/a Knight Enterprises is in the business of providing telecommunications installation and repair services. Defendant's business model is based on using independent contractors rather than employees to perform these services. All technicians performing telecommunications and installation repair services for Defendant are classified as independent contractors.

    Plaintiffs and putative class members provided telecommunications installation and repair services for Defendant in Florida between 2005 and the present. The services were performed for customers of Bright House Networks, a company which provides telecommunications services to customers in Florida. In order to perform services for Defendant, technician were required to sign an agreement classifying them as "independent contractors." The services performed by all technicians were "cable related services, repairs, and maintenance, and such other servicers as are reasonably related to providing these services. The technicians performed services as installation technicians, service technicians, lead technicians, quality control technicians, and PC technicians.

    In the Second Amended Complaint (Dkt. 39), Plaintiffs allege that Defendant, by classifying Plaintiffs as independent contractors, avoids any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits. Plaintiffs further allege that if Defendant is unsatisfied with work performed by Plaintiffs, Defendant requires Plaintiffs to go out and correct any deficiency, and to make any repairs. On such occasions, Plaintiffs are not paid for the time working to correct the problems. Defendant also makes deductions from Plaintiffs' pay if, upon review of a job, a Bright House employee decides the job

3

Case No. 8:09-CV-1985-T-17TBM

has not been done correctly. Defendant also requires Plaintiffs to provide a retainer upon being hired. Defendant holds onto the retainer for at least a year after a contractor ceases to work for Defendant, and makes deductions from the retainer when Defendant Knight or Bright house decides that a job performed by a contractor prior to their leaving their position was not completed correctly.

The basis of Count III, Unjust Enrichment, and Count IV, Conversion, includes Defendant's failure to pay Plaintiffs wages due them for time spent performing repair work on prior job assignments, as well as improper deductions from their pay and from the retainer provided to Defendant ("chargebacks").

The basis for Count V, Florida Deceptive and Unfair Trade Practices - Damages, and Count VI, Florida Deceptive and Unfair Trade Practices - Injunction, is Defendant's misclassification of Plaintiffs as independent contractors rather than employees, thereby depriving Plaintiffs of all manner of federal and state rights, and requiring Plaintiffs to suffer deductions and incur expenses that would not occur if Plaintiffs had been properly classified as employees. Plaintiffs allege that Defendant's misclassification of Plaintiffs as independent contractors, even though Defendant knows that Plaintiffs have no real proprietary interest and are entirely dependent upon Defendant for their income is unlawful, and that the relationship should be treated as master-servant rather than company-subcontractor. Plaintiffs allege that Defendant's practices constitute unconscionable acts or practices and/or deceptive acts and/or practices in the conduct of trade or commerce in violation of FDUTPA.

II. Legal Standard for Class Certification

A class action may be maintained only if:

1. The class is so numerous that joinder of all parties is impracticable,

Case No. 8:09-CV-1985-T-17TBM

and

2. There are questions of law or fact common to the class, and

3. The claims or defense of the representative parties are typical of the claims or defenses of the class; and

4. The representative parties will fairly and adequately protect the interest of the class.

One of the following must also be satisfied:

1. Prosecuting separate actions by or against individual class members would create a risk of:

a. Inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

b. Adjudication with respect to individual class members that as a practical matter would be dispositive of the interest of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interest; or

2. The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

3. The court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to the other available methods for fairly and efficiently adjudicating the controversy.

Matters pertinent to these findings include:

a. the class members' interest in individually controlling the prosecution or defense of separate actions;

b. The extent and nature of any litigation concerning the controversy already begun by or against class member;

Case No. 8:09-CV-1985-T-17TBM

    c. The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

    d. The likely difficulties in managing the class action.

Klay v. Humana, Inc., 382 F.3d 1241 (11th Cir. 2004).

II Issues

A. Standing

    Prior to the certification of a class and before undertaking any analysis under Rule 23, the Court must determine that at least one named class representative has Article III standing to raise each class claim. Prado-Steiman ex rel Prado v. Bush, 221 F.3d 1266, 1279 (11th Cir.2000). Under the principles of standing, "a plaintiff must allege and show that he personally suffered injury." Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir.1987). The Court must determine whether the class representative is "part of the class and possess[es] the same interest and suffer[ed] the same injury as the class members." Prado-Steiman, 221 F.3d at 1279 (citations omitted).

    The affidavits/supplemental affidavits of Michael Scantland, Joshua Farrell, Frederick Hauser, III, and Philip Zapata, class representatives, are attached to Plaintiffs' Motion for Class Certification, and establish standing as to individual technicians.

    Defendant argues that the named Plaintiffs lack standing to represent the corporate entities which may be or should be advocating claims. Defendant argues that some of the named Plaintiffs were incorporated, and Defendant contracted with the corporation and not with the purported Plaintiff as an individual. Defendant further argues that some technicians allegedly within the class do not have claims in their

Case No. 8:09-CV-1985-T-17TBM

individual capacity; if a retainer is to be returned or chargeback money is owed, these would be due to the corporation.

For the purpose of this Motion, the Court will assume that at lease some of the named Plaintiffs have standing, and Plaintiffs could substitute other Plaintiffs, or otherwise resolve the issue as to any Plaintiff which is a corporation.

B. Rule 23(a)

1. Numerosity

Rule 23(a) requires that the class be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Joinder need not be impossible but merely difficult or inconvenient. Cohen v. Implant Innovations, Inc., 259 F.R.D. 617, 631 (S.D.Fla. 2008). There is no fixed rule; what constitutes numerosity depends on the facts of each case and may involve consideration of factors such as, e.g., the size of the class and geographic dispersion of class members. See Jones v. Jeld-Wen, Inc., 250 F.R.D. 685, 692-93 (S.D. Fla. 2008); Cheney v. Cyberguard, Inc.., 213 F.R.D. 484, 489-90 (S.D.Fla. 2003). In this circuit, "[g]enerally, 'less than twenty-one is inadequate, more than forty adequate.' " Cheney, 213 F.R.D. at 490 (quoting Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986)) The sheer number of possible class members may warrant a conclusion that numerosity is satisfied. Jeld-Wen, 250 F.R.D. at 693. Parties seeking class certification need not know the exact number of class members but they "must make reasonable estimates with support as to the size of the proposed class." Id. (internal citation omitted).

Plaintiffs have provided the Declaration of Ian Russell to attest that well over a thousand technicians performed the services at issue between 2005 and the present, which satisfies the numerosity requirement.

Case No. 8:09-CV-1985-T-17TBM

Defendant does not dispute that Plaintiffs meet the numerosity requirement.

2. Common Questions of Law or Fact

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). "Commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the representative plaintiff in relation to the class." Cohen, 259 F.R.D. at 631-32 (citing Prado Steiman v. Bush, 221 F.3d 1266, 1279 (11th Cir. 2000)). The rule does not require that all of the questions of law or fact raised in the case be common to all the plaintiffs, just that there be at least one issue that affects all or a significant number of proposed class members. Clausnitzer v. Federal Express, Inc., 248 F.R.D. 647, 656 (S.D.Fla. 2008). "The threshold for commonality is not high .... [and f]actual differences between class members do not necessarily preclude a finding of commonality. The requirement is met if the questions linking the class members are substantially related to the resolution of the litigation even though the individuals are not identically situated.'" Id. (internal citations omitted).

A. FDUTPA

FDUTPA prohibits "unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce..." See Ch. 501.202, Florida Statutes (2007). An unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489. 599 (Fla. 4th DCA 2001). A deceptive practice is "one that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." Millennium Communications & Fulfillment, Inc. v. Office of the Attorney General, 761 So.2d 1256, 1263 (Fla. 3d DCA 2000).

Case No. 8:09-CV-1985-T-17TBM

As to the FDUTPA claims for damages and injunctive relief, Plaintiffs argue that common, class-wide evidence will establish that Defendant used a centralized and standardized program to recruit technicians, falsely representing that they would be able to control the means and manner in which their services were performed and that a technician's success or failure would depend upon his or her ability to run the business. Plaintiffs argue that the standard agreement that Defendant provided to all technicians contained this representation. Plaintiffs further argue that common class-wide evidence will establish that Defendant treated the technicians as employees, retaining and exercising extensive rights to direct and control the technicians in the performance of their work. Plaintiffs argue that the main test in determining the existence of an employer-employee relationship is whether the employer has direction and control over the employee.

B. Unjust Enrichment

A claim for unjust enrichment based on a contract implied in law includes the following:

> To state a claim for unjust enrichment, a plaintiff must plead the following elements: 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.

Della Ratta v. Della Ratta, 927 So.2d 1055 (Fla. 4th DCA 2006.

Plaintiffs allege that the "independent contractor" agreement signed by all technicians is invalid as it violates Florida public policy, Florida common law and FDUPTA. Plaintiffs argue that the common issue is whether the agreement is invalid because it